# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, | CASE NO. 1:10-cv-01259-LJO-SKO PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AMEND TO ADD CLAIMS AND PARTIES |
| v. | |
| DERAL G. ADAMS, et al., | (Doc. 24) |
| Defendants. | |

Plaintiff Melvin Joseph Simmons, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 14, 2010. This action is proceeding on Plaintiff's amended complaint, filed January 27, 2011, against Defendant Sanders for use of excessive force, in violation of the Eighth Amendment. On September 14, 2011, Plaintiff filed a motion entitled "Joinder Claims for Injunctive Relief and Damages: Demand for Jury Trial." Based on the relief sought, the motion is properly treated as one seeking leave to amend to add claims and parties.

Plaintiff has amended once as a matter of course and therefore, he must obtain leave of court to amend. Fed. R. Civ. P. 15(a). Rule 15 provides that "courts should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Public policy strongly encourages courts to permit amendments and the policy favoring leave to amend is applied with extreme liberality. Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008) (quotation marks omitted); also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079

1  (9th Cir. 1990).  However, Plaintiff may not bring unrelated claims against unrelated parties in a

2  single action.  Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011);

3  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

4  Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of

5  the same transaction or occurrence, or series of transactions and occurrences, and (2) there are

6  commons questions of law or fact.  Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348,

7  1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375

8  (9th Cir. 1980).  Only if the defendants are properly joined under Rule 20(a) will the Court review

9  the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of

10 multiple claims against the same party.

11 In this instance, Plaintiff's excessive force claim against Defendant Sanders arises from an

12 incident at California State Prison-Corcoran in 2009.  Plaintiff seeks to add unrelated claims against

13 unrelated defendants.  Plaintiff's allegations are somewhat disjointed, but Plaintiff appears to be

14 trying to add claims against staff at Pelican Bay State Prison and he also appears to be challenging

15 events relating to his arrest and conviction in Los Angeles County.  The Court expresses no opinion

16 on the merit of those potential claims, but notes that they may not be pursued in this action.  Fed. R.

17 Civ. P. 20(a).

18 In addition, Plaintiff may not add claims seeking declaratory and injunctive relief.  Plaintiff's

19 claim for damages necessarily entails a determination whether his rights were violated and therefore,

20 his separate request for declaratory relief is subsumed by that claim.  Rhodes v. Robinson, 408 F.3d

21 559, 565-66 n.8 (9th Cir. 2005) (quotation marks omitted).  Further, because Plaintiff is no longer

22 incarcerated at California State Prison-Corcoran and his claim arises from a past incident, he lacks

23 standing to pursue a claim for injunctive relief.  18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island

24 Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964,

25 969-73 (9th Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001).  In this action, Plaintiff

26 is limited to seeking damages for the alleged violation of his rights by Defendant Sanders.

27 ///

28 ///

1    For the foregoing reasons, Plaintiff's motion seeking leave to amend is HEREBY DENIED.

3 IT IS SO ORDERED.

4 **Dated:    September 18, 2011**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE