# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>        Plaintiff,<br><br>   v.<br><br>DERAL G. ADAMS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:10-cv-01259-LJO-SKO PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL, AND DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER<br><br>(Docs. 59 and 63)<br><br>ORDER REQUIRING DEFENDANT TO FILE A STATEMENT OF REASONABLE EXPENSES INCURRED WITHIN THIRTY DAYS AND REQUIRING PLAINTIFF TO FILE A RESPONSE WITHIN THIRTY DAYS THEREAFTER<br><br>(Doc. 59) |

**Order Granting in Part and Denying in Part Motion to Compel**

**I.    Procedural History**

Plaintiff Melvin Joseph Simmons, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 14, 2010. This action for damages is proceeding on Plaintiff's amended complaint against Defendant T. Sanders for use of excessive physical force, in violation of the Eighth Amendment of the United States Constitution.

On October 25, 2012, Defendant filed a motion to compel further responses to select discovery requests and for sanctions. Fed. R. Civ. P. 37(a). Plaintiff filed an opposition and a request for a protective order on November 13, 2012, Defendant filed a reply on November 21, 2012, and the motion has been submitted upon the record. Local Rule 230(l).

///

1

## II. Motion to Compel

### A. Introduction

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which otherwise would apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 26, Discovery and Scheduling Order, ¶5. However, pro se prisoner or not, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Defendant seeks to compel responses to his interrogatories and requests for the production of documents on the ground that Plaintiff's objections, which were untimely, lack merit.

In his opposition, Plaintiff argues that he has "attempted to comply" with Defendant's "massive discovery requests" and his failure to fully respond does not rise to the level of "flagrant bad faith." (Opp., pp. 1-2.) Plaintiff also seeks a protective order on the ground that Defendant's discovery requests cause undue "annoyance and oppression," and seek privileged information. (*Id.*, p. 2.)

As discussed in the following sections, the majority of Defendant's discovery requests are reasonable and seek relevant information. Fed. R. Civ. P. 26(b)(1). The requests do not subject Plaintiff to "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Plaintiff may not file suit against Defendant and then attempt to use his pro se status as a

///

shield against providing Defendant with the discovery to which Defendant is entitled under the Federal Rules of Civil Procedure.

The discovery requests at issue are mostly reasonable. Plaintiff may not have information to provide for some of the interrogatories (e.g., expert witness information) and there may be very few responsive documents, but Plaintiff is nevertheless required to answer the discovery requests to the best of his ability. Instead, Plaintiff's responses were evasive and he claimed non-existent privileges. Plaintiff is not entitled to a protective order, Fed. R. Civ. P. 26(c)(1), and he is required to serve responses to many of the discovery requests at issue in Defendant's motion to compel, Fed. R. Civ. P. 37(a).

**B.     Interrogatories**

**1.     Legal Standard**

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. *E.g., Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D. Kan. Apr. 30, 2008). A responding party is not generally required to conduct extensive research to answer an interrogatory, but a reasonable effort to respond must be made. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

**2.     ROGS 1-5, 8, 11, and 14-19**

Defendant seeks to compel responses to interrogatories (ROGs) 1-5, 8, 11, and 14-19.[1]

///

---

[1] The interrogatories at issue are attached to Defendant's first motion to compel, document 41, exhibit A. Plaintiff's responses are attached to Defendant's supplemental declaration, document 42, exhibit B.

**ROG 1:** State each and every contention and theory of liability against Defendant, along with all supporting facts.

**Response:** Plaintiff objected that the question asks for the theory of the case.

**Ruling:** Defendant's motion to compel is granted. Plaintiff's objection lacks merit. The interrogatory is proper and Plaintiff is required to serve a response.

**ROGS 2, 11, 14, 16, and 19:** These ROGs seek the identity of percipient witnesses to the incident allegedly giving rise to Plaintiff's claim, the identity of witnesses supporting Plaintiff's claim that Defendant used excessive force, the identity of witnesses supporting Plaintiff's claim he was injured, a list of contact information for the medical facilities from which Plaintiff sought assistance for his injuries, and the identity of any complaints Plaintiff currently has which he attributes to the alleged incident of excessive force.

**Response:** Plaintiff objected on the basis of "pro se plaintiff work product."

**Ruling:** Defendant's motion to compel is granted. There is no such thing as "pro se plaintiff work product," and while there exists a work-product doctrine shielding documents and tangible things prepared in anticipation of litigation, the doctrine would not apply to shield this information, which concerns very basic facts relevant to Plaintiff's claim. *U.S. v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011) (describing work-product doctrine). Plaintiff is required to serve responses to these interrogatories.

**ROG 3:** Identify the expert witnesses you intend to call at trial and for each person, specify the subject matter on which he or she is expected to testify.

**Response:** Plaintiff objected that the interrogatory was vague and overbroad.

**Ruling:** Defendant's motion to compel is granted. Contrary to Plaintiff's objection, the question is specific and narrow. If Plaintiff does not intend to call any expert witnesses, he should say so and if he does not yet know, that should be his answer, subject to his duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

///

///

**ROG 4:** Describe with sufficient specificity all physical evidence, documents, computer data, photographs, and/or writings which support Plaintiff's claim that Defendant used excessive force against him on November 18, 2009.

**Response:** Plaintiff referred to his pleading and states the writing speaks for itself.

**Ruling:** Defendant's motion to compel is granted. This interrogatory merely seeks a description of the documentary and/or physical evidence which supports Plaintiff's claim. Plaintiff is required to identify the evidence of which he is aware, which does not impose any undue burden on Plaintiff.

**ROG 5:** This ROG seeks the identification of any person, other than those named in Plaintiff's complaint, who Plaintiff contends violated his rights on November 18, 2009, and all supporting facts, in detail.

**Response:** Plaintiff stated that court records are presumed accurate and "cannot be collateral impeached."

**Ruling:** Defendant's motion to compel is granted. Plaintiff's response is not comprehensible and he is required to serve an answer.

**ROG 8:** This ROG seeks all facts supporting Plaintiff's claim that Defendant Sanders violated his rights during the incident at issue.

**Response:** Plaintiff quoted from Departmental Operations Manual Section 51020.17 and cited to the Eighth Amendment of the United States Constitution.

**Ruling:** Defendant's motion to compel is granted. Plaintiff is required to serve an appropriate response to this question.

**ROG 15:** Identify all documents supporting Plaintiff's claim that he was injured as a result of Defendant's actions or omissions.

**Response:** Plaintiff objected that interrogatory is vague and overbroad.

**Ruling:** Defendant's motion to compel is granted. The question is neither vague nor overbroad. Plaintiff is required to serve an appropriate response to this question.

**ROGs 17 and 18:** ROG 17 asks if Plaintiff is claiming any emotional distress, mental anguish, or psychological injury as a result of the incident on November 18, 2009, and if the answer

5

is yes, ROG 18 seeks a description of the emotional distress or psychological injury, the date and time it was first experienced, and the names and addresses of any care providers.

**Response:** Plaintiff referred Defendant to his pleading in response to ROG 17 and objected to ROG 18 as vague and overbroad.

**Ruling:** Defendant's motion to compel is granted. Plaintiff is required to serve appropriate responses to these questions.

### C.  Request for Production of Documents

#### 1.  Legal Standard

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." *Allen v. Woodford*, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995)); *accord Bovarie v. Schwarzenegger*, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); *Evans v. Tilton*, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D.Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D.Cal. Mar. 19, 2010). Boilerplate objections do not suffice, Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d 1142, 1149 (9th Cir. 2005),

and duplicative discovery requests are not permitted, Fed. R. Civ. P. 26(b)(2)(C)(i); *Thomas v. Bonilla*, No. 1:08-cv-00689-LJO-DLB PC, 2012 WL 104735, at *7 (E.D. Cal. Jan. 12, 2012).

### 2.  PODs 1, 2, 7-10, 16, 18-29, 31, and 32

Defendant seeks to compel responses to production of document requests (PODs) 1, 2, 7, 9, 8, 10, 16, 18-29, 31, and 32.[2]

**PODs 1 and 2:** Produce all documents, recordings, communications, computer data, materials, and/or writings which support the allegations in Plaintiff's complaint or pertain to his contentions or theories in this lawsuit.

**Response:** Plaintiff objected that the requests were vague.

**Ruling:** Defendant's motion to compel is granted. Plaintiff is required to serve appropriate responses to these questions and provide any responsive documents in his possession, custody, or control.[3]

**POD 7:** Produce all documents, correspondence, and/or communications sent by Plaintiff to Defendant.

**Response:** No responsive documents exist.

**Ruling:** Defendant's motion to compel is denied. Plaintiff stated that no responsive documents exist. While Defendant states that Plaintiff filed an inmate appeal with the California Department of Corrections and Rehabilitation, there is no indication in the record that an appeal of staff misconduct would have been sent to Defendant directly rather than to the appeals coordinator. No further response by Plaintiff is required.

**PODs 8 and 10:** Produce all notes, charts, investigations, summaries, or other documents relating to Defendant, including other instances of misconduct, and "produce copies of any charts, summaries or calculations of the contents of any voluminous writings, recordings or photographs, which plaintiff plans to, expects to or may offer as evidence at the trial of this lawsuit; and the

---

[2] The document production requests are attached to Defendant's first motion to compel, document 41, exhibit B.  Plaintiff's responses are attached to Defendant's supplemental declaration, document 42, exhibit A.

[3] As acknowledged by Defendant, there may be little which is responsive, but Plaintiff filed an inmate appeal, for example, and he should have that in his possession.

7

underlying contents of voluminous writings, recordings or photographs that plaintiff plans to, expects to or may offer into evidence or present in the form of summaries, charts or photographs as described in this request."

**Response:** Plaintiff objected to the requests as unduly burdensome.

**Ruling:** Defendant's motion to compel is denied. These requests are largely duplicative of other requests, they are unlikely to net anything from a pro se prisoner in a case which is not yet set for trial, and POD 10 is less than ideally clear, particularly given that Plaintiff is proceeding pro se.

If Defendant believes, in good faith, that these PODs seek documents not sufficiently covered by other PODs, he may re-serve them within thirty days, but they must be re-drafted for clarity.

**PODs 9 and 16**: POD 9 seeks all documents, correspondence and/or communications referring to or relating to the incident, the resulting damages, and/or this lawsuit that mention and/or refer to Defendant or his agents or employees; and POD 16 seeks all correspondence between Plaintiff and any governmental entity regarding the incident.

**Response:** Plaintiff objected to the requests as vague and stated there were no responsive documents in his possession or control.

**Ruling:** In his motion, Defendant argues that there are at least some responsive documents in that Plaintiff filed an inmate appeal. However, these requests seek information which is already subject to PODs 1, 2, and 3, and Defendant's motion to compel is denied on the ground that the requests are duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i).

**PODs 18-27:** These requests seek witness statements; expert witness resumes (those expected to testify and those consulting); all reports or other documents provided to, reviewed by, and/or prepared by expert witnesses (those expected to testify and those consulting); all professional writings (articles, books, treatises, papers, speeches, research projects, seminar presentations, etc.) produced by expert witnesses and all sections, portions, or pages to be used as authority for the experts' opinions; and all documents pertaining to Plaintiff's attendance at any school, college, academic institution, professional program, professional seminar, and/or technical or trade schools.

**Response:** Plaintiff objected on the basis of "pro se plaintiff's work product."

///

**Ruling:** Plaintiff's objections lack merit and are overruled. Plaintiff is required to serve responses. If Plaintiff does not intend to use the services of one or more expert witnesses, there will be nothing to produce, but at a minimum, Plaintiff must state that there are no responsive documents. With respect to Plaintiff's education or training, he is required to produce any documents within his possession, custody, or control.

**POD 28:** Produce all documents supporting Plaintiff's request for damages.

**Response:** Plaintiff objected on the basis of "pro se plaintiff's work product."

**Ruling:** Plaintiff's objection lacks merit and is overruled. However, this request seeks information which is already subject to POD 3, and Defendant's motion to compel is denied on the ground that this request is duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i).

**POD 29:** Produce all documents supporting Plaintiff's contention that Defendant used excessive force against him, in violation of the Eighth Amendment.

**Response:** Plaintiff objected on the basis of "pro se plaintiff's work product."

**Ruling:** Plaintiff's objection lacks merit and is overruled. However, this request seeks information which is already subject to PODs 1 and 2, and Defendant's motion to compel is denied on the ground that this request is duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i).

**POD 31:** Produce all documents supporting Plaintiff's contention that Defendant acted with malice and sadism on November 18, 2009.

**Response:** Plaintiff objected on the basis of "pro se plaintiff's work product."

**Ruling:** Plaintiff's objection lacks merit and is overruled. However, this request seeks information which is already subject to PODs 1 and 2, and Defendant's motion to compel is denied on the ground that this request is duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i).

**POD 32:** Produce all witness statements obtained by Plaintiff concerning the November 18, 2009, incident.

**Response:** Plaintiff objected on the basis of "pro se plaintiff's work product."

**Ruling:** Plaintiff's objection lacks merit and is overruled. However, this request seeks information which is already subject to POD 18, and Defendant's motion to compel is denied on the ground that this request is duplicative. Fed. R. Civ. P. 26(b)(2)(C)(i).

### III. Motion for Reasonable Expenses

If a motion to compel is granted, the Court shall require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A) (quotation marks omitted). If the motion is granted in part and denied in part, the Court may apportion expenses. Fed. R. Civ. P. 37(a)(5)(C). Before doing so, the Court must provide an opportunity to be heard and the Court shall not order payment if circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5) (quotation marks omitted).

Defendant has thirty days from the date of service of this order within which to set forth, under penalty of perjury, the reasonable expenses he incurred in making his motion. Plaintiff has thirty days from the date of service of Defendant's response to be heard regarding the payment of reasonable expenses.

### IV. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant's motion to compel, filed on October 25, 2012, is GRANTED in part and DENIED in part as follows:

    a. Within **thirty (30) days** from the date of service of this order, Plaintiff shall serve responses to ROGS 1-5, 8, 11, and 14-19, and PODs 1, 2, and 18-27; and

    b. Defendant's motion to compel responses to PODs 7, 8, 10, 28, 29, 31, and 32 is denied;

2. Defendant may, within **thirty (30) days**, redraft and reserve PODs 8 and 10, and if he does so, Plaintiff shall serve responses within **thirty (30) days** from the date of service of the requests;

3. If a motion to compel responses to POD 8 and/or POD 10 is required, it must be filed within **thirty (30) days** from the date of service of Plaintiff's responses or from the date responses are due, if no responses are received;

4. Plaintiff's motion for a protective order, filed on November 13, 2012, is DENIED;

5. Within **thirty (30) days** from the date of service of this order, Defendant shall set forth the reasonable expenses incurred in bringing his motion to compel on October 25, 2012; and

6. Plaintiff has **thirty (30) days** from the date of service of Defendant's statement within which to file a response.

IT IS SO ORDERED.

**Dated:   June 13, 2013**                          /s/ Sheila K. Oberto
                                                                  UNITED STATES MAGISTRATE JUDGE