# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, | Case No. 1:10-cv-01259-LJO-SKO PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL, DENYING RULE 56(D) MOTION, DENYING SUMMARY JUDGMENT MOTION, AND DISMISSSING DECLARATORY RELIEF CLAIM |
| v. | |
| DERAL G. ADAMS, et al., | |
| Defendants. | (Docs. 46, 52, and 66) |

Plaintiff Melvin Joseph Simmons, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 14, 2010. This action is proceeding on Plaintiff's amended complaint against Defendant T. Sanders for use of excessive physical force, in violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arises out of an incident which allegedly occurred on November 18, 2009, after he arrived at California State Prison-Corcoran on a transportation bus. 28 U.S.C. § 1915A.

On June 14, 2013, the Magistrate Judge filed a Findings and Recommendations which was served on the parties and which contained notice to the parties that Objections to the Findings and Recommendations were to be filed within thirty days. Plaintiff filed a timely Objection on July 15, 2013, and Defendants filed a timely Response on July 22, 2013.[1]  Local Rule 304(b), (d).

---

[1] Objections were due or on before July 18, 2013. Plaintiff included objections to the Magistrate Judge's separate order granting in part and denying in part Defendant's motion to compel and denying Plaintiff's motion for a protective order. Plaintiff may not "object" to the Magistrate Judge's order, but he may seek reconsideration. In light

Plaintiff objects to the recommendation that his Fed. R. Civ. P. 56(d) motion be denied and the recommendation that his claim for declaratory relief be dismissed.

Plaintiff's bare objection concerning the denial of his Rule 56(d) motion lacks merit. With the limited exception of Defendant's renewed motion to compel, the deadline for the completion of all discovery was July 23, 2012, and the Magistrate Judge correctly determined that Plaintiff is precluded from claiming he needs further discovery to oppose Defendant's summary judgment motion, which was filed *after* the close of discovery.

Plaintiff's objection concerning the dismissal of his declaratory relief claim also lacks merit. "'A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" *Pinnacle Armor, Inc. v. U.S.*, 648 F.3d 708, 715 (9th Cir. 2011) (quoting *Headwaters, Inc. v. Bureau of Land Management, Medford Dist.*, 893 F.2d 1012, 1015 (9th Cir. 1989)). The Magistrate Judge correctly determined that Plaintiff is limited to seeking damages for the past violation of his rights at California State Prison-Corcoran. *Pinnacle Armor, Inc.*, 648 F.3d at 715; *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005).

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis, and accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on June 14, 2013, is adopted in full;

2. Plaintiff's Rule 56(d) motion, raised in his opposition filed on October 9, 2012, is denied;

3. Defendant's motion for summary judgment on Plaintiff's Eighth Amendment excessive force claim, filed on September 20, 2012, is denied;

///

---

of Plaintiff's pro se status, the Court will construe Plaintiff's objections to the order as a motion for reconsideration and it will address the motion once it has been submitted under Local Rule 230(*l*). *See Akhtar v. Mesa*, 698 F.3d 1202, 1208-09 (9th Cir. 2012).

  4. Plaintiff's declaratory relief claim is dismissed, with prejudice, for failure to state a claim; and

  5. This matter is referred back to the Magistrate Judge to set for jury trial.

IT IS SO ORDERED.

 Dated: **July 23, 2013**     /s/ Lawrence J. O'Neill
                UNITED STATES DISTRICT JUDGE

3