IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>            Plaintiff,<br><br>vs.<br><br>DERAL G. ADAMS, et al.,<br><br>            Defendants.<br>_____/ | 1:10-cv-01259-LJO-SKO (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 81) |

On August 19, 2013, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1	In the present case, the court does not find the required exceptional circumstances.
2 Even if it is assumed that plaintiff is not well versed in the law and that he has made serious
3 allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is
4 faced with similar cases almost daily.  Further, given that resolution of this case at trial hinges
5 largely on witness credibility, the court cannot make a determination that plaintiff is likely to
6 succeed on the merits, and based on a review of the record in this case, the court does not find
7 that plaintiff cannot adequately articulate his claims.  Id.  While the court recognizes that plaintiff
8 is at a disadvantage due to his pro se status and his incarceration, the test is not whether plaintiff
9 would benefit from the appointment of counsel.  See Wilborn, 789 F.2d at 1331 ("Most actions
10 require development of further facts during litigation and a pro se litigant will seldom be in a
11 position to investigate easily the facts necessary to support the case.")  The test is whether
12 exceptional circumstances exist and here, they do not.

13	For the foregoing reasons, plaintiff's motion for the appointment of counsel is
14 HEREBY DENIED, without prejudice.

16 IT IS SO ORDERED.

17 **Dated:   August 22, 2013**	         /s/ Sheila K. Oberto
	UNITED STATES MAGISTRATE JUDGE