# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, | Case No. 1:10-cv-01259-LJO-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL, WITH PREJUDICE |
| v. | |
| DERAL G. ADAMS, et al., | |
| Defendants. | (Docs. 65 and 71) |

_____/

## I.  Procedural History

Plaintiff Melvin Joseph Simmons, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 14, 2010. This action for damages is proceeding on Plaintiff's amended complaint against Defendant T. Sanders for use of excessive physical force, in violation of the Eighth Amendment of the United States Constitution. This matter is currently set for jury trial on January 22, 2014.

On June 14, 2013, the Magistrate Judge issued an order granting in part and denying in part Defendant's motion to compel and for reasonable expenses. Fed. R. Civ. P. 37. Separately but concurrently with that order, the Magistrate Judge issued findings and recommendations addressing Defendant's motion for summary judgment and Plaintiff's motion for a continuance pending further discovery. Fed. R. Civ. P. 56. On July 15, 2013, Plaintiff filed objections to the

findings and recommendations. Local Rule 304(b). The objections were construed in part as a motion for reconsideration of the ruling on Defendant's motion to compel and the parties were informed the Court would issue a ruling once the motion was submitted under Local Rule 230(*l*).

## II.      Legal Standard

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under F.R.Civ.P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); *Surles*

1  *v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570
2  F.Supp. 202, 205 (N.D. Cal. 1983).

3      "Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo
4  determination . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir.
5  1981). "The reviewing court may not simply substitute its judgment for that of the deciding court."
6  *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137,
7  1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district
8  court is able to overturn a magistrate judge's ruling "'only if the district court is left with the
9  definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v.
10  Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy
11  Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Nonetheless, "[m]otions for reconsideration
12  are disfavored, however, and are not the place for parties to make new arguments not raised in
13  their original briefs." *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing
14  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.2001); *Northwest Acceptance Corp. v.
15  Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir.1988)).

16  **III.    Discussion and Order**

17      Plaintiff failed to meet his burden as the party moving for reconsideration. Plaintiff's
18  disagreement with the Magistrate Judge's ruling is not grounds for reconsideration. *U.S. v.
19  Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). In as much as the Magistrate
20  Judge's order was neither clearly erroneous nor contrary to law, Plaintiff's motion for
21  reconsideration is HEREBY ORDERED DENIED, with prejudice.

IT IS SO ORDERED.

    Dated:   **September 30, 2013**      /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE