# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>DERAL G. ADAMS, et al.,<br><br>    Defendants. | Case No. 1:10-cv-01259-LJO-SKO PC<br><br>ORDER REQUIRING PLAINTIFF TO PAY REASONABLE EXPENSES INCURRED IN THE AMOUNT OF $444.60 AND STAYING ORDER IN LIGHT OF PLAINTIFF'S INDIGENCY<br><br>(Docs. 65, 70, and 80) |

Plaintiff Melvin Joseph Simmons, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 14, 2010. This action for damages is proceeding on Plaintiff's amended complaint against Defendant T. Sanders for use of excessive physical force, in violation of the Eighth Amendment of the United States Constitution.

On June 14, 2013, the Court granted in part and denied in part Defendant's motion to compel and directed Defendant to file a statement of reasonable expenses incurred. Fed. R. Civ. P. 37(a)(5)(A). Defendant filed his statement of expenses on July 15, 2013, and Plaintiff filed a response on August 12, 2013. *Id.*

If a motion to compel is granted, the Court shall require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A) (quotation marks omitted). If the motion is granted in part and denied in part, the Court may apportion expenses. Fed. R. Civ. P. 37(a)(5)(C).

In this instance, Defendant's motion to compel was granted with respect to 78% of the discovery requests in dispute and denied with respect to the remaining 22% of the requests in dispute. The Court has reviewed the attorney's fees sought by Defendant and finds that three hours of time at a rate of $190.00 is reasonable. Furthermore, Plaintiff's evasive and/or incomprehensible responses are not excusable on the basis that he is proceeding pro se. Fed. R. Civ. P. 37(a)(5). However, the Ninth Circuit has held that it is an abuse of discretion to order a sanction which cannot be performed, and in response to Defendant's statement of expenses incurred, Plaintiff attested under penalty of perjury that he is indigent and has no means to pay the sanction. *Thomas v. Gerber Prod.*, 703 F.2d 353, 357 (9th Cir. 1983).

Therefore, the Court HEREBY ORDERS as follows:

1. Reasonable expenses in the amount of $444.60 are assessed against Plaintiff;[1]

2. The order assessing reasonable expenses in the amount of $444.60 is stayed; and

3. At any time prior to the closure of this action, Defendant may move to lift the stay and enforce the sanction upon a showing that Plaintiff has the ability to pay $444.60.

IT IS SO ORDERED.

Dated: **October 2, 2013**            **/s/ Sheila K. Oberto**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] 78% of $570.00.