1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10    MELVIN JOSEPH SIMMONS,                    Case No.  1:10-cv-01259-LJO-SKO PC

11            Plaintiff,                        ORDER DENYING MOTION FOR
                                                RECONSIDERATION OF ORDER
12        v.                                    DENYING APPOINTMENT OF COUNSEL,
                                                WITH PREJUDICE
13    DERAL G. ADAMS, et al.,
                                                (Doc. 83)
14            Defendants.

15

16

17    _____/

18    I.    **Procedural History**

19            Plaintiff Melvin Joseph Simmons, a state prisoner proceeding pro se and in forma pauperis,

20    filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 14, 2010.  This action for

21    damages is proceeding on Plaintiff's amended complaint against Defendant T. Sanders for use of

22    excessive physical force, in violation of the Eighth Amendment of the United States Constitution.

23    This matter is currently set for jury trial on January 22, 2014.

24            On September 9, 2013, Plaintiff filed a motion seeking reconsideration of the Magistrate

25    Judge's order denying his motion for the appointment of voluntary counsel.  28 U.S.C. § 1915(e).

26    Defendant did not file a response and the motion has been submitted under Local Rule 230(*l*).

27    ///

28    ///

1    **II.** **Legal Standard**

2        Reconsideration motions are committed to the discretion of the trial court. *Rodgers v.*

3    *Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437,

4    441 (D.C. Cir. 1987).   A party seeking reconsideration must set forth facts or law of a strongly

5    convincing nature to induce the court to reverse a prior decision.   *See, e.g., Kern-Tulare Water*

6    *Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part*

7    *on other grounds*, 828 F.2d 514 (9th Cir. 1987).

8        This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly

9    erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.

10   72(a).   As such, the court may only set aside those portions of a Magistrate Judge's order that are

11   either clearly erroneous or contrary to law.   Fed. R. Civ. P. 72(a); *see also Grimes v. City and*

12   *County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-

13   dispositive pretrial matters that are reviewed for clear error under F.R.Civ.P. 72(a)).

14       A magistrate judge's factual findings are "clearly erroneous" when the district court is left

15   with the definite and firm conviction that a mistake has been committed.   *Security Farms v.*

16   *International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D.

17   485, 489 (C.D. Cal. 2003).   The "'clearly erroneous' standard is significantly deferential."

18   *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for*

19   *Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

20       The "contrary to law" standard allows independent, plenary review of purely legal

21   determinations by the magistrate judge.   *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd

22   Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir.

23   2002).   "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law,

24   or rules of procedure."   *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D.

25   Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y.2007); *Surles*

26   *v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570

27   F.Supp. 202, 205 (N.D. Cal. 1983).

28   *///*

2

1      "Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo

2  determination . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir.

3  1981). "The reviewing court may not simply substitute its judgment for that of the deciding court."

4  *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137,

5  1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference").   A district

6  court is able to overturn a magistrate judge's ruling "'only if the district court is left with the

7  definite and firm conviction that a mistake has been made.'"   *Computer Economics, Inc. v.

8  *Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy*

9  *Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).   Nonetheless, "[m]otions for reconsideration

10  are disfavored, however, and are not the place for parties to make new arguments not raised in

11  their original briefs."   *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing

12  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.2001); *Northwest Acceptance Corp. v.*

13  *Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir.1988)).

14  **III.**   **<u>Discussion and Order</u>**

15      Plaintiff failed to meet his burden as the party moving for reconsideration.   Plaintiff's

16  disagreement with the Magistrate Judge's ruling is not grounds for reconsideration.   *U.S. v.*

17  *Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).   In as much as the Magistrate

18  Judge's order was neither clearly erroneous nor contrary to law, Plaintiff's motion for

19  reconsideration is HEREBY ORDERED DENIED, with prejudice.

20

21  IT IS SO ORDERED.

22     Dated:   <u>**October 4, 2013**</u>            <u>**/s/ Lawrence J. O'Neill**</u>

23                                UNITED STATES DISTRICT JUDGE

24

25

26

27

28