# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS, | Case No. 1:10-cv-01259-LJO-SKO PC |
| Plaintiff, | ORDER OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS TO THE PRETRIAL ORDER |
| v. | |
| T. SANDERS, | (Docs. 95 and 100) |
| Defendant. | |

**I.     Plaintiff's Objections to Pretrial Order**

Plaintiff Melvin Joseph Simmons, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 14, 2010. This case is set for jury trial on January 22, 2014, on Plaintiff's claim that Defendant T. Sanders used excessive physical force against him, in violation of the Eighth Amendment of the United States Constitution.

On December 16, 2013, Plaintiff filed Objections to the Pretrial Order filed on November 14, 2013.

**A.     Denial of Counsel**

Plaintiff objects to the denial of his multiple motions for the appointment of counsel. Plaintiff's contention that the Court applied the incorrect legal standard lacks merit and Plaintiff's

objection is overruled.  28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

### B. Further Discovery and Amendment to Add Parties

Plaintiff objects to the Court's denial of his requests for further discovery and to the denial of his motion to amend to add Deral G. Adams and Sergeant J. Medina as defendants.  This objection also lacks merit given Plaintiff's failure to demonstrate good cause for modification of the scheduling order, under which the deadline to amend the pleadings was May 23, 2012, and the deadline to complete all discovery was July 23, 2012.  Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

### C. Witness L. Vasquez

Plaintiff objects to the Court's notation that he failed to comply with the requirements to obtain a subpoena ad testificandum requiring L. Vasquez, a prison employee, to appear at trial.  This objection lacks merit.  Plaintiff is not entitled to compel a witness to testify involuntarily in the absence of a subpoena ad testificandum, and Plaintiff failed to comply with the requirements for the United States Marshal to serve L. Vasquez with a subpoena; namely, the timely submission of the witness fees and travel expenses.  (Doc. 74, 2nd Sched. Order, p. 4 lns. 8-28.)

### D. Undisputed Facts 2, 3, and 5

Finally, Plaintiff objects to undisputed facts 2, 3, and 5 set forth in the Pretrial Order.

Undisputed Fact 2: Plaintiff has been incarcerated in state prison since January 14, 1999, in the custody of the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff argues that he has been incarcerated since September 22, 1987.  Plaintiff submitted an exhibit in support of his argument, and the CDCR inmate locator website lists September 22, 1987, as his admission date.  This fact will be amended.

Undisputed Fact 3: On November 18, 2009, Plaintiff arrived at the Security Housing Unit ("SHU") at CSP-Corcoran on a bus from California State Prison-Sacramento to serve a two-year SHU term for battery on an inmate with a weapon capable of mortal injury.

Plaintiff argues that he was convicted of battery on an inmate with a weapon and he has supported his argument with an exhibit.  This fact will be amended.

Undisputed Fact 5: It is the duty of correctional officers, not sergeants, to escort inmates and to apply or remove restraints.

Plaintiff disputes this fact and it will be removed from the undisputed fact section and added to the disputed fact section.

## II. Order

Accordingly, based on the foregoing, Plaintiff's objections to the Pretrial Order are overruled in part and sustained in part, and an Amended Pretrial Order will be issued to reflect the Court's ruling on Plaintiff's objections to undisputed facts 2, 3, and 5.

IT IS SO ORDERED.

Dated: **January 6, 2014**            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE

3