# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MELVIN JOSEPH SIMMONS,

Plaintiff,

v.

DERAL G. ADAMS, et al.,

Defendants.

_______________________________________/

Case No. 1:10-cv-01259-LJO-SKO PC

**AMENDED PRETRIAL ORDER**

Motion in Limine Hearing: 01/22/2014, at 8:30 a.m in Courtroom 4 (LJO)

Jury Trial: 01/22/2014 at 8:30 a.m. in Courtroom 4 (LJO)

Plaintiff Melvin Joseph Simmons ("Plaintiff") is a state prisoner proceeding pro se. Defendant T. Sanders ("Defendant") is represented by Susan E. Coleman and Mitchell A. Wrosch of Burke, Williams & Sorensen, LLP. Pursuant to Fed. R. Civ. P. 16(e), the Court now issues the final pretrial order.

## I. **Summary**

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 14, 2010. This action for damages is proceeding on Plaintiff's amended complaint, filed on January 27, 2011, against Defendant for use of excessive physical force, in violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arises out of an incident which allegedly occurred on November 18, 2009, after he arrived at California State Prison-Corcoran ("CSP-Corcoran") on a transportation bus.

## II. **Jurisdiction and Venue**

The Court has subject matter jurisdiction over this federal civil rights action. 28 U.S.C. § 1331. Venue is proper because the conduct allegedly occurred in this judicial district. 28 U.S.C. § 1391.

## III. Trial

The parties demand a trial by jury. Fed. R. Civ. P. 38(b).

Trial is set for **January 22, 2014 at 8:30 a.m.** before U.S. District Judge Lawrence J. O'Neill in Department 4 (LJO). Due to the Court's impacted trial calendar, the parties are encouraged to consent to the conduct all further proceedings before a U.S. Magistrate Judge. The Court anticipates trial will be completed in no more than 2-3 days.

## IV. Facts

### A. Undisputed Facts

1. Plaintiff is a convicted felon serving a life sentence.

2. Plaintiff was admitted to the custody of the California Department of Corrections and Rehabilitation ("CDCR") on September 22, 1987.

3. On November 18, 2009, Plaintiff arrived at the Security Housing Unit ("SHU") at CSP-Corcoran on a bus from California State Prison-Sacramento to serve a two-year SHU term for battery on an inmate with a weapon.

4. On November 18, 2009, Defendant Sanders was working as a Correctional Sergeant in Facility IV-B, and he supervised correctional officers in their processing of inmates arriving to the SHU from other CDCR institutions via bus.

5. There is no CDCR report of any incident involving Plaintiff and/or Defendant on November 18, 2009.

6. Plaintiff was medically evaluated at 6:55 p.m. on November 18, 2009, by L. Vasquez, a registered nurse.

7. Plaintiff was also medically screened on November 18, 2009, as part of the SHU reception intake process.

### B. Disputed Facts

1. Whether Defendant encountered Plaintiff outside the IV-B facility at CSP-Corcoran on

November 18, 2009, during Plaintiff's intake processing.

2. Whether Defendant used any force on Plaintiff on November 18, 2009.

3. Whether Defendant caused Plaintiff any harm, including injuring Plaintiff's right shoulder, right eye, and right cheek area, and damaging Plaintiff's eyeglasses.

4. Whether Sergeants J. Medina, M. Mason, and S. Leon failed to document a use of force against Plaintiff.

5. Whether L. Vasquez recognized and documented Plaintiff's injuries.

6. Whether Defendant was working as the third watch supervising officer.

7. Whether it is the duty of correctional officers, not sergeants, to escort inmates and to apply or remove restraints.

**C. Disputed Evidentiary Issues**[1]

1. Whether a videotape of the alleged incident on March 18, 2009 exists. Defendant represents that no videotape exists while Plaintiff contends one does.

2. Defendant objects to the testimony of witness Laura Simmons as lacking percipient information and/or foundation to testify.

3. Defendant objects to Plaintiff's Exhibit A (Plaintiff's birth certificate, baptismal certificate, and social security card) as irrelevant.

**D. Special Factual Information**

None.

**V. Relief Sought**

Plaintiff is no longer incarcerated at CSP-Corcoran and his claim arises from a past event on November 18, 2009. Therefore, this action is limited to monetary damages. *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005). In his amended complaint, Plaintiff prays for nominal damages in the amount of $20,000.00, compensatory damages in the amount of $10,000.00, and punitive damages in the

[1] The parties may file motions in limine, addressed in section XVVI(A)(1), and/or object to the introduction of evidence at trial.

amount of $20,000.00.[2] In his pretrial statement, Plaintiff seeks $40,000.00.[3]

**VI. Points of Law**

**A. Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To prevail on his excessive force claim, Plaintiff must demonstrate a link between actions or omissions of Defendant and the violation of his Eighth Amendment rights; there is no *respondeat superior* liability under section 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937 (2009); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967-68 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010).

**B. Eighth Amendment Claim**

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam); *Hudson v. McMillian*, 503 U.S. 1, 8-9, 112 S.Ct. 995 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. *Hudson*, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain

---

[2] By law, nominal damages are limited to a mere token or minimal amount. *Cummings v. Connell*, 402 F.3d 936, 942-43 (9th Cir. 2005).

[3] Plaintiff is not confined to the damages amount identified in his amended complaint. Fed. R. Civ. P. 54(c).

or restore discipline, or maliciously and sadistically to cause harm. *Wilkins*, 559 U.S. at 37, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 7) (quotation marks omitted).

Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Wilkins*, 559 U.S. at 37, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9) (quotation marks omitted). Necessarily excluded from constitutional recognition is the *de minimis* use of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *Wilkins*, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9-10) (quotations marks omitted). In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7 (quotation marks and citations omitted).

While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. *Hudson*, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency. *Wilkins*, 559 U.S. at 37, 130 S.Ct. at 1178 (citing *Hudson*, 503 U.S. at 9) (quotation marks omitted). Thus, it is the use of force rather than the resulting injury which ultimately counts. *Id.* at 37-8.

**C. Physical Injury Required for Mental and Emotional Damages**

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002); *accord Pierce v. County of Orange*, 526 F.3d 1190, 1123-24 (9th Cir. 2008). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. *Oliver*, 289 F.3d at 630.

**D. Punitive Damages**

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a

preponderance of the evidence. NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTIONS § 5.5 (2008). The jury must find that Defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625 (1986). Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages. *Dang v. Cross*, 422 F.3d 800, 807-08 (9th Cir. 2005).

### E. Federal Rules of Evidence

Federal Rules of Evidence 608 and 609 provide that evidence of a witness's prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness's testimony.[4] Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait. Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.*

## VII. Abandoned Issues

Plaintiff filed an amended complaint as a matter of course. Fed. R. Civ. P. 15(a)(1). At the pleading stage following statutory screening, Plaintiff's Fourteenth Amendment due process claim against Lt. A. Cruz was dismissed for failure to state a claim; Plaintiff's state law assault, battery, and negligence claims were dismissed for failure to state a claim; Plaintiff's 18 U.S.C. §§ 1506 and 2073 claims were dismissed for failure to state a claim; and Lt. A Cruz was dismissed from the action. 28 U.S.C. § 1915A. (Docs. 19, 21.)

## VIII. Witnesses

**The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT**

---

[4] If a conviction is more than ten years old, Defendant is required to comply with Fed. R. Evid. 609(b) if he seeks to impeach Plaintiff with his conviction. *Simpson v. Thomas*, 528 F.3d 685, 690-91 (9th Cir. 2008).

**"MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).**

**A. Plaintiff's Witness List**

1. Plaintiff Melvin Joseph Simmons, Pelican Bay State Prison, 5905 Lake Earl Dr., Crescent City, CA 95531

2. Laura R. Simmons, 1410 Ohio Ave., Richmond, CA 94804 (Plaintiff's mother)[5]

3. Melvin Simmons, 2350 Rheem Ave., Richmond, CA 94804 (Plaintiff's father)

3. L. Vasquez, Registered Nurse, CSP-Corcoran, 4001 King Ave., Corcoran, CA 93212[6]

**B. Defendant's Witness List**[7]

1. Defendant T. Sanders, CSP-Corcoran, 4001 King Ave., Corcoran, CA 93212

2. Sergeant J. Medina, CSP-Corcoran, 4001 King Ave., Corcoran, CA 93212

3. Sergeant S. Leon, CSP-Corcoran, 4001 King Ave., Corcoran, CA 93212

4. Sergeant M. Mason, CSP-Corcoran, 4001 King Ave., Corcoran, CA 93212

5. Steve Borg, Expert Witness, P.O. Box 22862, Bakersfield, CA 93390

6. Lieutenant A. Cruz, CSP-Corcoran, 4001 King Ave., Corcoran, CA 93212

7. L. Vasquez, Registered Nurse, CSP-Corcoran, 4001 King Ave., Corcoran, CA 93212

8. Officer O. Lopez, CSP-Corcoran, 4001 King Ave., Corcoran, CA 93212

9. Custodian of Records, CSP-Corcoran, 4001 King Ave., Corcoran, CA 93212[8]

**IX. Exhibits**

**The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE**

---

[5] Witness testimony must be relevant and witnesses who do not possess personal knowledge of relevant facts will not be permitted to testify. Fed. R. Evid. 401, 402, 701.

[6] Plaintiff did not comply with the required procedure to obtain the issuance of a subpoena ad testificandum commanding L. Vasquez to appear at trial. (Doc. 74, 2nd Sched.Order, p. 4 lns. 8-28.) If Defendant calls this witness to testify, Plaintiff may also examine the witness. However, Defendant is not required to call the witness.

[7] Defendant is not required to call all of the witnesses he listed. However, as is the Court's general practice in cases such as this, witnesses the defense plans to call shall be present on January 22, 2014, by 9:30 a.m. and shall be available for Plaintiff to call for direct examination.

[8] Defendant may have the custodian of records authenticate the documents by written declaration to avoid undue expense, if he is willing to stipulate to the authenticity of any CDCR documents from Plaintiff's central and medical files that Plaintiff intends to offer at trial. If he is unwilling to stipulate, the custodian of records shall appear at trial and shall be available for Plaintiff to call. (The documents may still be objected to on other grounds.)

**ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).**

**A. Plaintiff's Exhibits**

A. Plaintiff's birth certificate, baptismal record, and social security card.

B. Los Angeles County Superior Court Judgment and Abstract of Judgment-Commitment.

C. Medical Report of Injury or Unusual Occurrence (form CDCR 7219).

**B. Defendant's Exhibits**

1. Diagram of the Security Housing Unit at Corcoran State Prison, Facility IV-B, processing/intake area.

2. Photographs of the Security Housing Unit at Corcoran State Prison, Facility IV-B, processing/intake area.

3. CDCR Form 7277, Initial Health Screening Form for Plaintiff dated November 18, 2009.

4. Medical Report (form CDCR 7219) for Plaintiff dated November 18, 2009, completed by RN Vasquez.

5. Medical reports for December 15, 2009, dry skin evaluation of Plaintiff (2 pages)

## X. Discovery Documents to be Used at Trial

Defendant may seek to use Plaintiff's deposition transcript and discovery responses for impeachment purposes.

## XI. Further Discovery or Motions

Plaintiff states he is seeking further discovery regarding documents and witnesses. The deadline for the completion of all discovery was July 23, 2012, and no further discovery will be permitted. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

## XII. Stipulations

The parties agree to stipulate that Defendant was acting under color of law.

## XIII. Amendments/Dismissals

Plaintiff seeks leave to amend to add Deral G. Adams and J. Medina as defendants.[9] The deadline for amending the pleadings was May 23, 2012, and Plaintiff's motion is denied as untimely. Fed. R. Civ. P. 16(b)(4); *Zivkovic*, 302 F.3d at 1087.

**XIV. <u>Settlement Negotiations</u>**

A settlement conference has not been conducted.

Plaintiff offered to settle the case for $25,000.00 plus court costs. Defendant rejects Plaintiff's offer but is willing to engage in settlement negotiations for nuisance value.

Based on the party's positions, it does not appear that a settlement conference would be beneficial.

**XV. <u>Agreed Statement</u>**

None.

**XVI. <u>Separate Trial of Issues</u>**

The punitive damages phase, if any, will be bifurcated.

**XVII. <u>Impartial Experts – Limitation of Experts</u>**

Plaintiff seeks the appointment of an impartial expert witness.

While the Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side, Fed. R. Evid. 706; *Ford ex rel. Ford v. Long Beach Unified School Dist.*, 291 F.3d 1086, 1090 (9th Cir. 2002); *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999), where the cost would likely be apportioned to the government, the Court should exercise caution. The Court's docket is comprised of an overwhelming number of civil rights cases filed by prisoners proceeding pro se and in forma pauperis, and the facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court. *Wilds v. Gines*, No. C 08-03348 CW (PR), 2011 WL 737616, at *4 (N.D. Cal. Feb. 23, 2011); *Honeycutt v. Snider*, No. 3:11-cv-00393-RJC (WGC), 2011 WL 6301429, at *1 (D. Nev. Dec. 16, 2011) ("The appointment of experts in deliberate indifference cases is rare, and such requests should be

---

[9] As noted by Plaintiff, Adams was named as a defendant in the original complaint. However, Plaintiff filed an amended complaint as a matter of course, which superceded the original complaint. Local Rule 220; *Lacey*, 693 F.3d at 907.

granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appoint experts in such cases.")

Furthermore, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, *Manriquez v. Huchins*, No. 1:09-cv-00456-LJO-BAM PC, 2012 WL 5880431, at *12 (E.D. Cal. Nov. 21, 2012) (quotation marks and citations omitted), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, *Faletogo v. Moya*, No. 12cv631 GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 23, 2013) (quotation marks omitted). The appointment of an expert witness under Rule 706 is intended to benefit the trier of fact, not a particular litigant, and here, the medical issue is not of such complexity that the Court requires the assistance of a neutral expert at trial. *Faletogo*, 2013 WL 524037, at *2; *Bontemps v. Lee*, No. 2:12-cv-0771 KJN P, 2013 WL 417790, at *3-4 (E.D. Cal. Jan. 31, 2013); *Honeycutt*, 2011 WL 6301429, at *1; *Wilds*, 2011 WL 737616, at *4; *Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. Jun. 3, 2010).

Therefore, Plaintiff's motion for the appointment of an impartial expert witness is denied.

**XVIII. Attorney's Fees**

None.

**XVIIV. Trial Exhibits**

Defense counsel will retain the exhibits pending a decision on appeal.

**XVV. Trial Protective Order**

None.

**XVVI. Miscellaneous**

**A. Further Trial Preparation**

**1. Motions In Limine**

**a. Briefing Schedule**

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111

(9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the Court's ruling gives Plaintiff and Defendant's counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. *Id.* at 1111-12 (quotation marks omitted).

Any motion in limine must be served on the other party, and filed with the Court by **December 16, 2013**. Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the Court by **January 13, 2014**.

Motions in limine will be addressed on the morning of trial.

**Whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

**2. <u>Other</u>**

**a. <u>Trial Briefs</u>**

The parties are relieved of their obligation under Local Rule 285 to file a trial brief. If the parties wish to submit a trial brief, they must do so on or before **January 13, 2014**.

**b. <u>Verdict Form</u>**

The Court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial. If the parties wish to submit a proposed verdict form, they must do so on or before **January 13, 2014.**

**c. <u>Jury Instructions</u>**

The Court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial. Defendant shall file proposed jury instructions as provided in Local Rule 163 on or before **January 13, 2014**. Plaintiff is not required to file proposed jury instructions but if he wishes to do so, he must file them on or before **January 13, 2014**.

The parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. Ninth Circuit Model Jury Instructions SHALL be used where the subject of the instruction is covered by a model instruction. Otherwise, BAJI or CACI instructions SHALL be used where the

subject of the instruction is covered by BAJI or CACI. All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted. Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern or form instruction, such as the Ninth Circuit Model Jury Instructions, BAJI, CACI, or any other source of pattern instructions. The parties must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms. The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury. All blanks to form instructions must be completed. Irrelevant or unnecessary portions of form instructions must be omitted.

All jury instructions shall indicate the party submitting the instruction (e.g., Plaintiff or Defendant), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction. Defendant shall provide the Court with a copy of his proposed jury instructions via e-mail at: ljoorders@caed.uscourts.gov.

**d. Proposed Voir Dire**

Proposed voir dire questions, if any, shall be filed on or before **January 13, 2014**, pursuant to Local Rule 162.1.

**e. Statement of the Case**

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **January 13, 2014**. The Court will consider the parties’ statements but will draft its own statement. The parties will be provided with the opportunity to review the Court’s prepared statement on the morning of trial.

**f. Trial Exhibits**

The original and two copies of all trial exhibits, along with exhibit lists, shall be submitted to Courtroom Deputy Irma Munoz no later than **January 13, 2014**. Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.). Defendant's exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX-201, etc.).

**The parties are required to meet and confer, by telephone or other means, to agree upon and identify their joint exhibits, if any.** Joint exhibits shall be pre-marked with the prefix "JT" and numbered sequentially beginning with 1 (e.g., JT-1, JT-2, etc.), and Defendant's counsel shall submit the original and two copies of the joint trial exhibits, with exhibit lists, no later than **January 13, 2014**.

**B. Appointment of Counsel**

Plaintiff seeks the appointment of counsel to represent him. Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not. Plaintiff is able to articulate his claim, the legal issue in this case is not complex, and the Court

cannot make a finding that Plaintiff is likely to succeed on the merits because resolution will be dependent upon the jury's determinations regarding the weight of the evidence and the credibility of the witnesses.

Plaintiff's motion for the appointment of counsel is therefore denied.

**XVVII. <u>Compliance with Amended Pretrial Order</u>**

Strict compliance with this order and its requirements is mandatory. The Court will strictly enforce the requirements of this pretrial order, and counsel and parties are subject to sanctions for failure to fully comply with this order and its requirements. The Court will modify the pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The Court ADMONISHES the parties and counsel to obey the Federal Rules of Civil Procedure and the Court's Local Rules and orders. The failure to do so will subject the parties and/or counsel to sanctions as the Court deems appropriate.

IT IS SO ORDERED.

Dated: **January 6, 2014**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE